UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLY HARNETT,

                Petitioner,

v.

EILEEN RUSSELL,

                Respondent.

**MEMORANDUM & ORDER**
22-CV-00589 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Petitioner filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, while she was previously incarcerated in state prison. ECF No. 2. She filed at the same time a motion to appoint counsel to represent her in connection with her petition. ECF No. 3. Respondent Eileen Russell, the superintendent of Petitioner's prison, opposed the petition by filing a motion to dismiss based solely on a declaration by an Assistant District Attorney without citing any case law or providing any documents from Petitioner's state court record. ECF No. 6. Respondent contends that Petitioner's petition is moot because the judgment pursuant to which Petitioner was in custody at the time that she filed her petition has since been vacated, and she has been sentenced to a lesser crime. *Id.*

      For the reasons set forth below, the Court denies Petitioner's motion for appointment of counsel because there is no right to counsel in a habeas corpus proceeding, and no extenuating circumstances suggest that appointing counsel is warranted. The Court also denies Respondent's motion to dismiss without prejudice because—despite the Court's prior order and the Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules")—Respondent has not provided the state court record to substantiate the assertions made in her motion.

Respondent shall file the portions of the state court record further specified in this order on or before February 8, 2023, at which point the Court will *sua sponte* renew its consideration of whether it may continue to exercise jurisdiction over this proceeding.  Petitioner shall file on or before February 15, 2023, a letter stating whether she is continuing to seek the relief sought in her habeas petition or, alternatively, stating that she is withdrawing her petition in light of the mootness concerns raised in Respondent's motion.

## **PROCEDURAL HISTORY**

Petitioner was convicted following a jury trial in Queens County Supreme Court of murder in the second degree and criminal possession of a weapon in the fourth degree based on events that occurred in July 2010.  *People v. Harnett*, 134 N.Y.S.3d 273, 274 (N.Y. App. Div. 2d Dep't 2020).  That conviction was affirmed by the Appellate Division, Second Department on December 16, 2020.  *Id.*  The New York Court of Appeals denied leave to appeal on February 11, 2021.  *People v. Harnett*, 165 N.E.3d 694 (N.Y. 2021).  Petitioner filed a timely petition for habeas corpus by placing it in her prison's mail system on January 14, 2022.  ECF No. 2.

Petitioner raises several grounds for habeas relief.  First, she asserts that during her state court trial, the judge improperly excused two jurors after the jury had been sworn, declared a mistrial, and convened new jury selection proceedings, all in violation of her Double Jeopardy rights under the Fifth Amendment.  *Id.* at 5, 16–23.[1]  Second, she asserts that her right to a public trial under the Sixth Amendment was violated because her brother was prohibited from attending

---

[1] In the field labeled "Ground Two" of the standard form that Petitioner used to file her petition, Petitioner argues that the New York courts failed properly to address the Double Jeopardy issue both on direct appeal and during a motion for collateral review that Petitioner filed pursuant to Section 440.10 of New York's Criminal Procedure Law ("CPL").  ECF No. 2 at 7.  The Court interprets this as an argument that the Double Jeopardy issue was not "adjudicated on the merits" in state court and that the deferential standard of review under 28 U.S.C. § 2254(d) should not apply, rather than as a separate ground for granting habeas relief.

the *voir dire* proceedings during jury selection. *Id.* at 8. Finally, Petitioner claims that she was entitled to immediate release from state prison because the prison's COVID-19 restrictions caused her repeatedly to lose access to the law library, in violation of her Due Process rights under the Fourteenth Amendment, and because the prison did not provide her with adequate medical care after she contracted COVID-19, in violation of the Eighth Amendment. *Id.* at 10. Based on these same restrictions on Petitioner's access to the law library, Petitioner filed a motion seeking appointment of counsel to represent her in connection with her petition. ECF No. 3.

Petitioner originally filed her petition in the U.S. District Court for the Southern District of New York. ECF No. 2. That court transferred the proceeding to this District because Petitioner was convicted and sentenced in Queens County. ECF No. 4. Following the transfer, Judge Matsumoto, who previously presided over this case, granted Petitioner's request to proceed *in forma pauperis*, ordered Respondent to file the state court record and an answer to the petition by June 7, 2022, and ordered Petitioner to file her reply by July 7, 2022. *See* ECF Order dated Apr. 8, 2022. Respondent timely filed a motion to dismiss the petition as moot, *see* ECF No. 6, and Petitioner did not file a reply.

The basis for Respondent's mootness argument is that on January 7, 2022, around the same time Petitioner filed her petition, she also filed a motion in state court for resentencing under CPL Section 440.47 and Section 60.12 of New York's Penal Law. ECF No. 6 ¶ 17. Together, those provisions allow a survivor of domestic violence, who has been convicted of a crime, to petition the New York courts for an alternative sentence if the domestic abuse that the defendant suffered was "a significant contributing factor" to the actions giving rise to the defendant's conviction. N.Y. Pen. Law § 60.12(1); N.Y. C.P.L. § 440.47(1)(a).

In response to Petitioner's motion for resentencing, Respondent says that the state prosecutor agreed to vacate Petitioner's conviction and to allow her to plead guilty to a first-degree manslaughter charge.  ECF No. 6 ¶ 18.  Petitioner apparently accepted that offer, and she was resentenced for the new charge.  *Id.* ¶¶ 18–19.  Her original sentence of an indeterminate term of imprisonment of 17 years to life on the murder charge and a determinate sentence of one year of imprisonment on the weapon possession charge was reduced to a determinate sentence for the manslaughter charge of 13 years of imprisonment and five years of post-release supervision.  *Id.* ¶¶ 6, 18–19.  Although not explained in Respondent's motion, the Court's review of the database made available by the New York Department of Corrections and Community Supervision suggests that Petitioner's new sentence was equivalent to a sentence of time served and that Petitioner has therefore been released from incarceration to post-release supervision.[2]

## LEGAL STANDARD

A habeas petition, like any other type of case, must satisfy the Constitution's case-or-controversy requirement.  *See Janakievski v. Exec. Dir., Rochester Psychiatric Ctr.*, 955 F.3d 314, 319 (2d Cir. 2020) (holding that habeas petition was not moot even though it challenged state court order that had already expired).  To satisfy that requirement, "a party must, at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision."  *Id.*  "If, as a result of changed circumstances, a case that presented an actual

---

[2]    N.Y. Dep't of Corrections and Community Supervision (last visited Jan. 25, 2023), https://nysdoccslookup.doccs.ny.gov/ (indicating that Petitioner was released on parole on May 5, 2022, and that the "Maximum Expiration Date" for her period of post-release supervision is September 5, 2026).

4

redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness." *Id.*

A habeas petitioner has suffered an injury "so long as the petitioner continues to be held in the custody that he alleges is unlawful," including non-custodial restrictions on liberty, such as the restraints on liberty that accompany parole. *Id.* Even if the habeas petitioner is challenging an order that has expired, the petition will not be moot, "so long as the petitioner suffers some concrete and continuing injury or collateral consequence resulting from the challenged order." *Id.* (internal quotation marks omitted).

However, the existence of an injury is not enough to avoid mootness. As described above, that injury "must be 'likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). If "it is impossible for a court to grant any effectual relief whatever to the prevailing party"—even a "partial remedy"—then a habeas petition has become moot. *Id.*

## DISCUSSION

As an initial matter, the Court denies Petitioner's motion to have legal counsel appointed. "There is no right to counsel in a habeas corpus proceeding." *Hunter v. Annucci*, No. 19-cv-1321, 2020 WL 9816004, at *8 (E.D.N.Y. Dec. 18, 2020) (citing *Wright v. West*, 505 U.S. 277, 293 (1992)); *see also Bisram v. United States*, 777 F. App'x 563, 567 (2d Cir. 2019) (explaining when considering petition filed pursuant to 28 U.S.C. § 2241 that "[t]he Sixth Amendment provides no right to counsel in the context of habeas corpus review of a criminal conviction"). The Court sees no need to deviate from the presumption against appointing counsel in this case because Petitioner's stated reason for needing counsel was that her prison's COVID-19 restrictions resulted in her frequent denial of access to the law library, particularly when she had

tested positive for COVID-19 around the time she filed her habeas petition. *See* ECF No. 3 at 1, 3. Petitioner's positive COVID-19 status was merely a temporary circumstance restricting her ability to perform legal research. *See Steele v. United States*, No. 20-cv-1151, 2021 WL 465360, at *3 (S.D.N.Y. Feb. 9, 2021) (denying motion to appoint counsel in proceeding brought pursuant to 28 U.S.C. § 2255 despite petitioner's "lack [of] an ability to conduct research due to COVID-related lockdowns at his facility"). Furthermore, as explained above, publicly available information suggests that Petitioner is no longer incarcerated and therefore not dependent on a prison law library.

Turning to Respondent's mootness challenge, if the assertions made in Respondent's motion are accurate, then Petitioner's petition is likely moot. Multiple courts within the Second Circuit have found that a habeas petition was rendered moot when the judgment that the habeas petition challenged was subsequently vacated and a new judgment was entered. *Wright v. Rivera*, No. 06-cv-1725, 2007 WL 4264547, at *1 (E.D.N.Y. Nov. 30, 2007) (holding that petitioner's challenge to his sentence was moot because he had been resentenced); *Trapp v. Poole*, No. 07-cv-893, 2010 WL 3724879, at *2–3 (N.D.N.Y. Sept. 17, 2010) (holding that due process challenge to term of supervised release was mooted after petitioner was resentenced without a term of supervised release). Consistent with these decisions, the Seventh Circuit has recently held that a "state court's vacatur of [the petitioner's] conviction ended federal jurisdiction over [the petitioner's] habeas corpus petition under the terms of § 2254." *Brown v. Vanihel*, 7 F.4th 666, 670 (7th Cir. 2021) (further holding that the petition had become moot according to Article III criteria).

The Court cannot, however, definitively rule on the mootness assertions made in Respondent's motion because Respondent has not provided any portion of Petitioner's state court

record. Although the decisions of the Appellate Division and New York Court of Appeals in Petitioner's direct appeal are publicly available, Respondent's motion turns on documents that are not publicly available—such as Petitioner's original judgment of conviction, the order vacating that judgment, and her new judgment of conviction. *See* ECF No. 6 ¶¶ 17–21. When a district judge orders a respondent to answer a habeas petition, as Judge Matsumoto did in this case, then Rule 5 of the Section 2254 Rules requires the respondent to file various portions of the state court record, including "parts of the transcript that the respondent considers relevant" to his or her answer. When a respondent fails to do so, the district court may deny the respondent's request for relief and require the respondent first to file the state court record. *See Vaughn v. Ward*, No. 19-cv-6596, 2020 WL 5441357, at *2 (S.D.N.Y. Sept. 9, 2020) (denying motion to dismiss habeas petition and ordering respondent to file state court record).

The Court therefore orders Respondent to file portions of the state court record on or before February 8, 2023. At minimum, Respondent shall file: (i) Petitioner's original judgment of conviction for her murder and weapon possession charges; (ii) Petitioner's and the state prosecutor's motion papers regarding Petitioner's state court motion filed in January 2022 to vacate that conviction; (iii) the state court order vacating that conviction; (iv) any plea agreement related to Petitioner's plea of guilty to her manslaughter charge; and (v) the judgment of conviction for Petitioner's manslaughter charge. If a transcript of the proceedings during which Petitioner was sentenced for the manslaughter charge exists, then Respondent shall file that transcript by the same date.

## CONCLUSION

For the reasons set forth above, the Court DENIES Respondent's motion to dismiss, *see* ECF No. 6, without prejudice to renew the motion after filing the portions of the state court

record described herein.  The Court also DENIES Petitioner's motion to appoint counsel to represent her in this proceeding.  *See* ECF No. 3.  Respondent is directed to serve a copy of this order on Petitioner at her last known address and to file a declaration confirming that Respondent has done so on or before January 30, 2023.

    SO ORDERED.

                                                 */s/ Hector Gonzalez*
                                                 HECTOR GONZALEZ
                                                 United States District Judge

Dated:  Brooklyn, New York
          January 25, 2023